Samuel M. Gold, J.
Issue in this matter was joined on December 13, 1961. Heretofore plaintiff was directed to complete pretrial procedures and to file a note of issue for the November 1963 Term. The defendant now moves pursuant to rule 3211 (subd. [a], par. 7) of the Civil Practice Law and Buies for dismissal of the complaint for legal insufficiency and by separate motion to vacate plaintiff’s notice of examination upon the ground that an appeal is pending from the order denying dismissal for failure to prosecute and because of the present motion for dismissal for insufficiency. Neither the appeal nor the present motion for dismissal stays the examination.
In its complaint plaintiff alleges that it has duly performed the covenants and conditions of the subject contract on its part. The defendant urges failure to allege condition precedent to the requirement to pay moneys. In addition to the basic purchase price defendant was to pay a stated sum “from the receipts derived from the exploitation of said rights and powers conveyed hereunder, after deduction of all distribution fees and costs incident thereto, there shall be paid to Seller the first One Hundred Seventy Three Thousand ($173,000) Dollars thereof, which latter sum shall be in addition to the purchase price herein of $1,150,000 ”.
*772 Clearly this relates not to a condition to be performed by the plaintiff bnt rather to a contingency which it is not alleged has occurred and therefore the denial obligation has not matured. Under rule 92 of the Buies of Civil Practice, the complaint is insufficient. Under the current applicable rule invoked by the belated motion, the pleading is good but the defendant is prejudiced by reason of the nature of its answer served on December 12,1961 and by reason of the provisions of rule 3015 of the Civil Practice Law and Buies. Accordingly, and in the interest of justice, the complaint is held to be sufficient and defendant is deemed to have denied specifically and particularly that there has been exploitation or such receipts which, after deduction, would yield any sum payable to the plaintiff.
The motions to dismiss and to vacate the notice of examination are denied.